CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 03 2014

JULIA C. DUDLEY, CLERK
BY:
　　DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| FAYE BARNES, | ) |
| | ) Civil Action No. 3:12CV00053 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| | ) By: Hon. Glen E. Conrad |
| GENE JOHNSON, et al., | ) Chief United States District Judge |
| | ) |
| Defendants. | ) |

Faye Barnes, a former inmate of the Fluvanna Correctional Center for Women ("Fluvanna"), filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that the defendant, former Corrections Lieutenant Johnathan Bland, used excessive force against her while she was incarcerated, in violation of the plaintiff's Eighth Amendment rights.[1] The matter is presently before the court on the defendant's motion for summary judgment. The motion having been fully briefed and the parties having agreed to submit the motion without a hearing, the matter is now ripe for disposition. For the following reasons, the motion will be denied.

## Background

The record reveals the following relevant facts presented in the light most favorable to the plaintiff. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 261 n.2 (1986). The plaintiff, Faye Barnes, was an inmate at Fluvanna between February 2009 and February 2012. Until November 2010, the defendant, Johnathan Bland, was employed as a Corrections Lieutenant at Fluvanna. In September 2010, while acting as the officer in charge of the plaintiff's housing unit, Bland charged the plaintiff with "gathering and approaching in a threatening way." Third

---

[1] The plaintiff also named ten other defendants, including additional correctional officers and members of Fluvanna's medical staff. The claims against those defendants have been fully resolved, and Johnathan Bland is the only defendant remaining in the case.

Am. Compl. ¶ 38, Docket No. 69. As a result, Barnes was removed from the general population and transferred to the special housing unit on September 30, 2010.

The plaintiff alleges that "[o]n or about September 30, 2010, Lt. Bland forced Plaintiff, who is 5'3" in height . . . to kneel on a chair and place her arms, which are quite short, behind her back." Id. at ¶ 44. In the process of shackling the plaintiff, Bland "wrenched her arms behind her back to meet and then cuffed them together." Id. Although she told Bland that "she felt nauseated," that she felt "like her left arm was breaking," and that "the cuffs were too tight," Bland refused to use two sets of handcuffs as prescribed by proper DOC procedure for a woman of the plaintiff's stature. Id. at ¶ 44–46. Instead, he told the plaintiff, "I got it, Barnes," and "left her to suffer." Id. at 46.

Barnes asserts that Bland shackled her in this manner "with malicious intent to get back at Plaintiff," and not for any legitimate law enforcement purpose. Pl.'s Resp. in Opp'n to Def.'s Mot. for Summ. J. 1, Docket No. 187. In support of this assertion, Barnes explains that she witnessed inappropriate sexual conduct between correctional officers and inmates, including her own cellmate. Barnes Dep. 50, Docket No 187-1. She reported this misconduct to Bland daily, but he did nothing to stop it. Id. at 50–51. In fact, unbeknownst to the plaintiff at the time, Bland was engaging in similar misconduct. Id. at 51. It is undisputed that Bland was terminated from his position at Fluvanna for sexual misconduct, and that he was incarcerated in connection with this misconduct between July 2012 and May 2013. Bland Aff. ¶¶ 3, 8, Docket No. 176-4.

The plaintiff claims that being shackled in this "brutal" and "unwarranted" manner caused severe physical injury, including "left-sided neck, arm, and cervical spine pain" and "ruptured discs requiring surgery after months of great pain," as well as severe emotional and psychological injury. Third Am. Compl. ¶¶ 167–172; Pl.'s Resp. in Opp'n to Def.'s Mot. for

2

Summ. J. 2, Docket No. 187. She seeks damages in the amount of $10,000,000.[2] Third Am. Compl. ¶ 219.

The defendant denies that he restrained the plaintiff in handcuffs on September 30, 2010, and seeks summary judgment in his favor on the merits. Bland proffers that "[Barnes] was transported to segregation by two yard officers and was unrestrained until she reached the segregation building." Def.'s Mot. to Set Aside Entry of Default 6, ¶ 15, Docket No. 176. The defendant "instructed the yard officers not to restrain Plaintiff during transport because there was movement on the yard." Id. The defendant explains that "if the officers had restrained Barnes to transport her . . . to the segregation building, the entire yard would have been required to go on lock down." Id. "Log books from the building should provide evidence supporting Bland's defense that he did not transport Plaintiff on September 30, 2010." Id. at 8. Although "Plaintiff should have been restrained before she entered the segregation building," Bland "did not personally witness Plaintiff being restrained as he did not accompany her to the building." Id.

Moreover, even if Bland had handcuffed the plaintiff on September 30, 2010, as alleged in the complaint, he argues that his conduct would not have violated her rights under the Eighth Amendment, much less any clearly established constitutional right. Harlow v. Fitzgerald, 457 U.S. 800 (1982) (describing the two-pronged qualified immunity test). Therefore, the defendant argues, he is entitled to summary judgment on the basis of qualified immunity, as well as on the merits.

---

[2] The plaintiff did not itemize her prayer for damages against each individual defendant. Rather, she made a collective demand in the amount of $10,000,000 from all defendants. The court notes that the plaintiff settled her related claims against defendants Beverly Rosser and Corizon Health, Inc. for an undisclosed amount.

## Discussion

**I.    Standard of Review**

Summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists "if the evidence is such that a reasonable [fact-finder] could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. "In reviewing the evidence, the court must draw all reasonable inferences in favor of the nonmoving party and may not make credibility determinations or weigh the evidence." Williams v. Staples, Inc., 372 F.3d 662, 667 (4th Cir. 2004) (citing Thompson v. Aluminum Co. of America, 276 F.3d 651, 656 (4th Cir. 2002)).

**II.    Analysis**

It is well established that "the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Hudson v. McMillian, 503 U.S. 1, 6 (1992) (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)). To prove her excessive force claim, Barnes must satisfy both a subjective component—that Bland "acted with a sufficiently culpable state of mind"—and an objective component—that "the alleged wrongdoing was objectively harmful enough to establish a constitutional violation." Id. at 8 (internal citations and quotation marks omitted).

To satisfy the subjective component, the plaintiff must show that the official applied force "maliciously and sadistically for the very purpose of causing harm," rather than "in a good faith effort to maintain or restore discipline." Hudson, 503 U.S. at 6 (internal quotation marks omitted). In determining whether the official acted with malice, the court may consider: (1) the need for application of force; (2) the relationship between the need and the amount of force that

4

was used; (3) the extent of the injury; (4) the threat reasonably perceived by the responsible official based on the facts known to him; and (5) any efforts made to temper the severity of a forceful response. Whitley, 475 U.S. at 321. The objective component focuses on "the nature of the force," which must be "nontrivial." Wilkins v. Gaddy, 559 U.S. 34, 39 (2010). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." Hudson, 503 U.S. at 9. In short, the "core judicial inquiry [is] . . . the nature of the force—specifically, whether it was nontrivial and was applied . . . maliciously and sadistically to cause harm." Wilkins, 559 U.S. at 39 (internal quotation marks omitted). If the court finds that "the evidence, viewed in the light most favorable to the plaintiff, will support a reliable inference of wantonness in the infliction of pain under [this two-part standard]," summary judgment in the defendant's favor is inappropriate. Whitley, 475 U.S. at 322.

A full review of the record reaffirms the comments made by the court at the hearing on the motion to set aside the entry of default—summary judgment is inappropriate in this case because Barnes presents genuine issues of material fact with respect to both the subjective and objective components of her Eighth Amendment excessive force claim against Bland. Most fundamentally, a factual dispute exists as to whether the defendant handcuffed the plaintiff on September 30, 2010. Compare Third Am. Compl. ¶ 44 ("On or about September 30, . . . [t]he procedure Bland employed for shackling Plaintiff meant that he wrenched her arms behind her back to meet and then cuffed them together."), and Barnes Dep. 49, Docket No. 187-1 ("I was shackled and handcuffed by Lieutenant Bland, and Lieutenant Bland used the single handcuff for the wrist."), with Bland Aff. ¶ 8, Docket No. 176-4 ("I also told [plaintiff's counsel] that I had not shackled Barnes when she was moved to segregation, as Barnes alleges in her complaint."),

5

and Def.'s Mot. to Set Aside Entry of Default 6, ¶ 15, Docket No. 176 (proffering that Bland neither handcuffed Barnes nor transported her to segregation on September 30, 2010).

Accepting the plaintiff's position as true, a further factual dispute exists as to whether the defendant merely handcuffed the plaintiff in accordance with prison operating procedures for safe transport to segregation, or maliciously shackled the plaintiff's arms behind her back in retaliation for reporting other officers' sexual misconduct. Compare OP 420.2, Docket No. 185-4 ("Minimally, offenders assigned to special housing at any facility should be restrained with their hands behind their back whenever the offender is outside the cell or other secured area such as a shower."), with Barnes Dep. 50–51, Docket No. 187-1 (plaintiff believes "that this shackling was done in retaliation" for reporting sexual misconduct between officers and her cellmate). Finally, a factual dispute exists as to the cause and extent of the plaintiff's injuries.

Considering the evidence in the light most favorable to the plaintiff, a reasonable fact-finder could conclude that Bland violated the plaintiff's Eighth Amendment rights by painfully shackling the plaintiff, with the very purpose of causing her harm, in retaliation for Barnes reporting his subordinate officers' bad behavior. Thus, a grant of summary judgment on the merits in the defendant's favor is inappropriate.

To the extent that the defendant seeks judgment in his favor on the basis of qualified immunity, the motion must also be denied. Based on clearly established law in effect on September 30, 2010, any reasonable officer would have known that intentionally harming an inmate in retaliation, and with no legitimate purpose, violates the Eighth Amendment. See Harlow, 457 U.S. 800 (describing the two-pronged qualified immunity test); see, e.g., Wilkins, 559 U.S. 34 (Feb. 22, 2010) (clearly establishing that harming an inmate without any legitimate purpose and without provocation violates the Eighth Amendment's prohibition on cruel and

unusual punishment). Therefore, the defendant's motion for summary judgment must be denied.

## Conclusion

For the foregoing reasons, the motion for summary judgment filed by defendant Johnathan Bland will be denied. The case will proceed to a bench trial currently scheduled to begin on July 15, 2014.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 3rd day of July, 2014.

/s/ Glen Conrad
Chief United States District Judge